UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROADCAST MUSIC, INC.,
WARNER-TAMERLANE PUBLISHING CORP.,
ABKO MUSIC, INC., SCREEN GEMS-EMI MUSIC,
INC., ADULT MUSIC, CONCORD MUSIC GROUP,
INCORPORATED, d/b/a JONDORA MUSIC, MJ
PUBLISHING TRUST, d/b/a MIJAC MUSIC, RONDOR
MUSIC INTERNATIONAL, INCORPORATED, d/b/a
IRVING MUSIC, and KIKE SANTANDER MUSIC, LLC,

                Plaintiffs,

                                          Case No. 12-12681
v.                                    Honorable David M. Lawson

ROMEO RESTAURANT GROUP, LLC, d/b/a
YOUNGER'S IRISH TAVERN, BILL WILHELM,
WENGA MANAGEMENT, LLC, and GLENN
WILHELM,

                Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND SUMMONS AND FOR ALTERNATE SERVICE

The plaintiffs filed their complaint in this Court on June 19, 2012, and summons were issued

for defendants Romeo Restaurant Group, LLC, and Bill Wilhelm on June 20, 2012.  On October 18,

2012, the plaintiffs filed a motion to extend the summons for and to permit alternate service of

defendant Bill Wilhelm.  The plaintiffs state that defendant Bill Wilhem is a member of defendant

Romeo Restaurants Group, LLC, doing business as Younger's Irish Tavern at 120 South Main Street

in Romeo, Michigan.  The plaintiffs allege that they have attempted to serve defendant Bill Wilhelm

personally at that location and at 310 South Young in Attica, Michigan, the address listed for service

in defendant Bill Wilhelm's capacity as defendant Romeo Restaurant's agent.  The plaintiff presents

affidavits from their process server detailing his attempts to serve defendant Bill Wilhelm at those

addresses on September 14, 2010.  The plaintiffs also state that a copy of the summons and complaint was mailed by both regular and certified mail with return receipt requested to 120 South Main Street in Romeo, Michigan on September 26, 2012.  Finally, the plaintiffs attach an affidavit from a second process server detailing his attempts to serve defendant Bill Wilhelm at that address on October 4, 6, 10, and 17, 2012.  On each occasion, the process server was informed that defendant Bill Wilhelm was not in and was not given information as to when he would be.  The plaintiffs request that the summons be extended to December 18, 2012 and that they be permitted to serve defendant Bill Wilhelm by leaving a copy of the summons and complaint at 120 South Main Street, Romeo, Michigan and mailing the papers by first class mail to Bill Wilhelm's attention at that address.

Generally, a plaintiff must serve each defendant with a copy of the summons and complaint within 120 days after filing the complaint.  The deadline, however, must be extended "for an appropriate period" if "the plaintiff shows good cause for the failure."  Fed. R. Civ. P. 4(m); *see United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1355 (N.D. Ill. 1991) (construing "good cause" showing required by government to obtain extension under 31 U.S.C. § 3730(b)(3)).  A party shows good cause by demonstrating a "reasonable justification" for its failure to complete the requested task within the time prescribed.  *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (construing "good cause" for failure to present new evidence in prior Social Security proceeding under 42 U.S.C. § 405(g)).  It may do so by advancing specific facts that describe the magnitude of the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute or court rule.  *Kalish*, 765 F. Supp. at 1354.  For example, good cause is shown when "the defendant is evading service or

conceals a defect in attempted service." Fed. R. Civ. P. 4(m) cmt. to 1993 amends. (citing *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987)). Generalizations and conclusory allegations will not suffice. *Ibid.* The Court exercises its discretion to determine whether this showing has been made. *See Friedman v. Estate of Prosser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

The Court finds that the plaintiffs have shown good cause to extend the summons for defendant Bill Willhelm. Further, the Court finds that service of process cannot reasonably be made in a manner set forth under Michigan law, and that the substitute means requested are reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard. *See* Fed. R. Civ. P. 4(e)(1); Mich. Ct. R. 2.105(I)(1).

Accordingly, it is **ORDERED** that the plaintiffs' motion to extend the summons and for alternate service [dkt. #10] is **GRANTED**.

It is further **ORDERED** that the plaintiffs must serve defendant Bill Wilhelm with the summons and a copy of the complaint **on or before April 28, 2012**.

It is further **ORDERED** that the plaintiffs may serve defendant Bill Wilhelm in the manner set forth below. Service shall be complete by:

(A)     leaving a copy of the summons, complaint, motion for alternate service, and this order at Younger's Irish Tavern, 120 South Main Street, Romeo, Michigan to Bill Wilhelm's attention; and

(B)     mailing a copy of the summons, complaint, *ex parte* motion for alternative service, and this order by first class mail to Younger's Irish Tavern, 120 South Main Street, Romeo, Michigan to Bill Wilhelm's attention; and

(C)     mailing a copy of the summons, complaint, *ex parte* motion for alternative service, and this order by certified mail (return receipt requested) to Younger's Irish Tavern, 120 South Main Street, Romeo, Michigan to Bill Wilhelm's attention.

The plaintiff shall file a certificate confirming service as provided herein.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 25, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL